## LEIGH v. KEWANEE MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. February 6, 1906.)

No. 1,215.

APPEAL AND ERROR—GROUNDS FOR DISMISSAL—WAIVER OR RELEASE OF ERRORS.

After an action at law had proceeded to a verdict for plaintiff, a motion for new trial had been overruled, and nothing remained but to enter judgment, the defendant filed a bill in equity in the same court and obtained an injunction staying further proceedings, on condition, however, exacted by the court and accepted by him, that he give a bond for the payment with interest of the amount of the verdict, should the injunction finally be dissolved and judgment be entered thereon. *Held*, that the giving of such bond was a waiver and release by defendant of any errors in the law action up to the granting of the injunction, and that on its dissolution he could not prosecute a writ of error from the judgment entered on the verdict for alleged errors occurring at the trial.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1005.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

On plea of release of errors and demurrer thereto.

The matter under consideration is a plea of release of errors, filed in this court, demurred to by the plaintiff in error.

The case in which the plea is filed, brought here from the Circuit Court (127 Fed. 990) was a suit at law by the defendant in error, against the plaintiff in error, to recover twelve thousand dollars—the declaration being on the common counts. On this suit the trial had proceeded to the rendition of a verdict in favor of the defendant in error, for seven thousand dollars, and the overruling of a motion for a new trial, when the plaintiff in error filed in the Circuit Court his bill in equity, asking that the further prosecution of the suit at law be restrained; and upon this bill, the answers thereto, and a replication, an injunction was issued restraining the further prosecution of the suit at law, but upon this condition, that the plaintiff in error should cause to be filed an injunction bond in the sum of ten thousand dollars, conditioned among other things, that in case of the dissolution of the injunction, the plaintiff in error would pay the amount of the verdict rendered in the suit at law, together with interest thereon at five per cent. and all costs, and such judgment, if any, as should at any time thereafter be entered on such verdict.

The bond, conditioned as above, was duly filed, and a decree having been entered, was appealed from to the Circuit Court of Appeals, where, on consideration, it was reversed. Kewanee Manufacturing Co. and Henry D. Laughlin, Appellants, v. Edward B. Leigh, 135 Fed. 58, 67 C. C. A. 532. Whereupon the injunctional decree in the Circuit Court was dissolved, and a judgment entered in the suit at law for seven thousand, seven hundred twenty-nine dollars, and sixteen cents; which judgment is the one sought to be reversed in the proceeding in error in which this plea of release of errors is filed.

Further facts are stated in the opinion.

Jno. P. Ahrens, for plaintiff in error.
Wm. Brace, for defendant in error.

Before GROSSCUP and BAKER, Circuit Judges, and SANBORN, District Judge.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

The averments of the bill and answer upon which the injunction was obtained are fully set forth in Kewanee Manufacturing Com-

pany v. Edward B. Leigh, supra, and need not be repeated here. It is sufficient to say that the bill was predicated largely upon the alleged existence of an equitable set off not provable in the suit at law; and was disposed of in this court, chiefly because the facts set forth constituted no rightful set off, either equitable or legal. True the court held that one of the claims made by the bill could have been interposed as a defense in the suit at law; but this was a minor part of the claims upon which the bill was founded.

The suit at law was enjoined after it had proceeded to verdict and motion for new trial overruled. Nothing remained in that suit but judgment. But for the injunction the judgment presumably would have been entered at once, and satisfied at once, either by payment or execution. The effect of the injunction suit was to delay this satisfaction—to hang the suit at law in the air—and cause defendant in error to follow the equity case into the Circuit Court, and take it finally to the Circuit Court of Appeals. It is our judgment that an injunction, thus hanging up at the last moment the entry of judgment, but upon condition exacted by the court, and accepted by the plaintiff in error, that in case the injunction was dissolved, the verdict and the judgment thereon should be paid in full, is, in effect, a stipulation in court that all errors in the suit at law, up to the granting of the injunction, are waived and released. Otherwise the condition exacted for the injunction, and accepted and acted upon, would be wholly ineffective—resulting in the plaintiff in error having obtained all he asked, and being permitted to cast off with impunity all that was required of him.

The demurrer to the plea of release of errors, is overruled, the plea is sustained; and, there being no assignmnt of error outside of those released, the judgment of the Circuit Court is affirmed.